## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**BETTIE J. FONDON**                                                    **PLAINTIFF**

**V.**                                                    **NO. 3:25-CV-276-DMB-RP**

**WATER VALLEY HOUSING**
**AUTHORITY, et al.**                                                    **DEFENDANTS**

## <u>ORDER</u>

On November 12, 2025, United States Magistrate Judge Roy Percy issued a report

("R&R") recommending that this case filed by Bettie J. Fondon be dismissed without prejudice.

Doc. #6. The R&R warned:

> Objections are required to be in writing and must be filed within fourteen (14) days
> of this date, or no later than November 26, 2025, and "a party's failure to file written
> objections to the proposed findings, conclusions and recommendation in a
> magistrate judge's report and recommendation within [14] days after being served
> with a copy shall bar that party, except upon grounds of plain error, from attacking
> on appeal the unobjected-to proposed factual findings and legal conclusions
> accepted by the district court …."

*Id.* at PageID 30 (emphases omitted) (quoting *Douglass v. United States Automobile Association*,

79 F.3d 1415, 1428–29 (5th Cir. 1996)). No objection to the R&R was filed.[1]

---

[1] On December 4, 2025, Fondon filed a letter from herself to Judge Percy that includes her explanation "why [she] didn't get the information in on the date [he] set." Doc. #7 at PageID 31. The Court does not consider this letter to be an objection to the R&R. For one thing, the letter appears to be a response to Judge Percy's October 14 show cause order. *See* Doc. #4 at PageID 18 (requiring Fondon to show cause "why her complaint should not be dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted."); Doc. #7 at PageID 32 (Fondon's description of her letter as "[t]he cause as to why this case should not be dismissed."). Additionally, if Fondon intended her letter to be an objection, it is untimely and, without more, the reason Fondon offers for its untimeliness—she "didn't get the letter from [the] P.O. Box until the day before"—does not constitute excusable neglect because when Fondon chose to check her post office box was entirely up to her, and she admits she received the Court's "letter" "the day before" some date "the week of Nov 24, 2025." Doc. #7 at PageID 31. Even if the Court deemed Fondon's letter to be an objection to the R&R and excused its untimeliness, the Court would not consider its substance because Fondon's statements in the letter are conclusory, *see, e.g., id.* at PageID 32 ("My civil rights have been violated" and "I have a disability my fair housing rights was violated"); and do not otherwise specifically and substantively address the legal authority and reasoning underlying the R&R's dismissal recommendation. *See Mosley v. Quarterman*, 306 Fed. App'x 40, 42 n.2 (5th Cir. 2008) ("Frivolous, *conclusive* or general objections need not be considered by the district court.") (emphasis in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[P]lain error review applies where, as here, a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court despite being served with notice of the consequences of failing to object." *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (cleaned up). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

Because the Court reviewed the R&R for plain error and concludes the R&R is neither clearly erroneous nor contrary to law, the R&R [6] is **ADOPTED** as the order of the Court. This case is **DISMISSED without prejudice**.

**SO ORDERED**, this 5th day of January, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

Cir. Unit B 1982)); *accord Scott v. Pyles*, 596 F. Supp. 3d 623, 627 (S.D. Miss. Mar. 31, 2022). For this reason, in the alternative, the Court overrules anything in Fondon's letter that could arguably be considered an objection.